<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LASHAWN A. DAVIS-HARRIS, | : | Civil Action No. 20-1215 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Lashawn A. Davis-Harris ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning May 26, 2016. A hearing was held before ALJ Karen Shelton (the "ALJ") on June 11, 2019, and the ALJ issued an unfavorable decision on August 16, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of August 16, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step three, the ALJ's determination is not supported by substantial evidence; 2) at step four, the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence; and 3) at step five, the ALJ's determination is not supported by substantial evidence.

Plaintiff's arguments of error at steps three and four suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

2

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps three and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

As to the ALJ's step three determination, that Plaintiff does not meet the requirements of any Listing, the subheading in Plaintiff's brief asserts that the decision at step three is not supported by substantial evidence. This is followed by several paragraphs that contend that the ALJ did not explain the step three decision well enough. At the end, there is a concluding paragraph that restates the assertion that the determination is not supported by substantial evidence.

3

Plaintiff's brief refers only to the ALJ's determination at step three that Plaintiff does not meet the requirements of Listing 1.04. The ALJ wrote a concise but very detailed, specific explanation of the basis for the determination that Plaintiff did not meet the requirements of Listing 1.04A, B, or C. (Tr. 30.) The Court finds that the ALJ explained the decision sufficiently to allow a meaningful review. Plaintiff does not challenge any particular element of the ALJ's explanation, nor demonstrate that the ALJ erred, not argue that Plaintiff was harmed by a particular error. Plaintiff has not met the requirements of Shinseki as to step three.

Similarly, as to the RFC determination at step four, Plaintiff points to a few things that she believes were not explained well enough, and then questions whether anyone could reasonably believe treating physician Dr. Kazmi's assessment of improvement following surgery, and asserts that the objective evidence cited by the ALJ demonstrates the opposite of what the ALJ found.

The Court observes that, as to Plaintiff's back problems at step four, the ALJ wrote a very detailed analysis of the evidence that is almost seven single-spaced pages long. Plaintiff's brief simply does not engage with the analysis that the ALJ conducted. Plaintiff appears to concede that the ALJ gave greatest weight to the opinions of physicians who did not treat Plaintiff, and shows some awareness that, because Plaintiff filed her claim after March 27, 2017, the old rules for the weighting of the opinions of treating physicians have changed significantly, and that the new rules stated in 20 C.F.R. § 404.1520(c) do not give the opinions of treating physicians any preference.

In short, the ALJ wrote a very detailed analysis of the evidence that Plaintiff's brief does not engage with. Plaintiff has not attempted to articulate a challenge to the weighting of the

4

medical opinions under the new Regulation, 20 C.F.R. § 404.1520(c).   Plaintiff has not demonstrated that the ALJ erred, not argued that Plaintiff was harmed by a particular error.  Plaintiff has not met the requirements of Shinseki as to step four.

Plaintiff next argues that the ALJ's determination at step five is not supported by substantial evidence.   Plaintiff concedes that the vocational expert testified that there are three jobs in the national economy that Plaintiff is able to perform, but argues that these three jobs "do not exist in the real world."   (Pl.'s Br. 32.)   Plaintiff's brief does give reasons why Plaintiff believes the jobs do not really exist.   This argument cannot succeed because it asks this Court to reweigh the evidence, which it may not do.

This Court reviews the Commissioner's decisions under the substantial evidence standard.   This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."   42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).   Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."   McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).   The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Plaintiff asks this Court to reweigh the evidence, which it may not do.   The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") In the instant case, Plaintiff asks this Court to review the step five determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") Plaintiff has done no more here than offer attorney argument that this Court should substitute its findings for the Commissioner's. This cannot succeed.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                 s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: February 23, 2021